IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TONY EPPS, #00450886,                   § | |
|         Petitioner,                    § | |
|                                         § | |
| v.                                      § | CIVIL CASE NO. 3:18-CV-1115-B-BK |
|                                         § | |
| LORIE DAVIS, Director,                  § | |
| Texas Department of Criminal Justice,   § | |
| Correctional Institutions Div.,         § | |
|         Respondent.                    § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge for pretrial management, including recommending a disposition of the claims raised, if appropriate. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, Epps' habeas corpus petition should be **DISMISSED** without prejudice for want of jurisdiction.

On September 8, 2015, Epps pled guilty to unlawful possession of a firearm by a felon and was sentenced to two years' imprisonment. Doc. 3 at 2; *State v. Epps*, No. F15-55695 (3rd Jud. Dist. Ct., Dallas Cty., Tex., Sep. 8, 2015). In his federal petition filed on May 1, 2018, Epps challenges his 2015 conviction, asserting that: (1) the stop and detention were unlawful; and (2) counsel rendered ineffective assistance. Doc. 3 at 6. However, in response to the Court's questionnaire, Epps concedes that he is no longer in custody on that conviction, having discharged the imposed sentence in June 2017, and that he remains confined only on his 1987

convictions for which he was sentenced to life imprisonment.  Doc. 10 at 2; *see also Offender Information Details*.[1]

Because Epps is not in custody pursuant to the judgment of the state court in Cause No. F15-55695—the conviction he challenges—this Court lacks jurisdiction to consider his habeas petition.  *See* 28 U.S.C. § 2254(a) (a federal court has jurisdiction to consider a writ of habeas corpus "in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States") (emphasis added); *see also Maleng v. Cook,* 490 U.S. 488, 490 (1989).

Thus, Epps' petition for writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**SO RECOMMENDED** June 21, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] The *Offender Information Details* is available on the Texas Department of Criminal Justice website at https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=02351670.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE