THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TONY EPPS, #00450886, § | |
|   PETITIONER/APPELLANT, § | |
| § | |
| v. § | CIVIL CASE NO. 3:18-CV-1115-B-BK |
| § | APPEAL CASE NO. 18-11466 |
| LORIE DAVIS-DIRECTOR TDCJ-CID, § | |
|   RESPONDENT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the order of reference of the district judge, Doc. 21, now before the Court are Petitioner Tony Epps' *Motion for a Delayed Notice of Appeal* and *Motion for Discovery*. Doc. 19; Doc. 29. As set out below, the motions are **DENIED**.

I.

On December 20, 2018, the United States Court of Appeals for the Fifth Circuit deemed Epps' November 5, 2018 *Motion for a Delayed Notice of Appeal* as a motion to reopen the time to appeal under Federal Rules of Appellate Procedure 4(a)(6), and remanded the case for this Court to determine: (1) the circumstances under which Petitioner received notice that the August 16, 2018 final judgment had been entered; (2) when he received that notice; (3) if he used the prison mail system to mail his notice of appeal and motion to reopen and, if so, when he placed them in the mail; and (4) whether any party would be prejudiced by the relief sought. Doc. 20. The matter was then referred to the undersigned magistrate judge for recommendation or determination and the undersigned ordered Epps to show whether the time to appeal should be reopened under Rule 4(a)(6). Doc. 21; Doc. 22; Doc. 23. The Court subsequently obtained

prison mail logs from the Texas Department of Criminal Justice to confirm Epps' assertions and the date of mailing/receipt of his pleadings and court orders.   Doc. 30-1; Doc. 33-1.

A summary of the relevant procedural history follows:

On August 16, 2018, District Judge Jane Boyle accepted the *Findings, Conclusions and Recommendation of the United States Magistrate Judge* and entered *Judgment* dismissing the habeas corpus petition for want of jurisdiction.   Doc. 17; Doc. 18.   Epps admits he received the order and judgment "some days later," Doc. 23 at 6, and the mail log confirms that the Michael Unit, where he was confined, received mail from this Court addressed to Epps on August 20, 2018, which was subsequently delivered to him on August 22, 2018, Doc. 33-1 at 24.   Based on this evidence, the final day to timely appeal was Monday September 17, 2018.   Doc. 20 at 1.

On October 5, 2018, Epps placed in the prison mail a letter addressed to the Fifth Circuit Court of Appeals, purportedly with the assistance of another inmate.   Doc. 23 at 2,6; Doc. 30 at 190.   In his letter, he averred that after receiving the judgment dismissing his habeas petition he was (1) placed in lock-up because of overcrowding, (2) denied postage, envelopes, and writing supplies, and (3) refused access to the law library.   Doc. 23 at 2, 6.   He further averred that despite his "countless attempt[s] to obtain law books," specifically the U.S. Code of Appeals, he was unable to learn about the appellate rules and file an appeal.   Doc. 23 at 6.   He stated:

> I am hopeful you get [this letter] and any consideration give to me with this matter will be afforded because at present I am not sure when I'll be released from lock-up so I'm able to attend session so that I can try to appeal the court's ruling.

Doc. 23 at 6.

On October 12, 2018, the Fifth Circuit returned his letter because the relief sought was unclear and directed Epps to file a proper motion in a pending case.   Doc. 23 at 4.   The logs show that the Michael Unit received correspondence from the Fifth Circuit addressed to Epps on

October 18, 2018, which was subsequently delivered to him on October 22, 2018. Doc. 30-1 at 90. On October 29, 2018, Epps signed the instant *Motion for a Delayed Notice of Appeal*, which was mailed to the Fifth Circuit on October 30, 2018, and which subsequently was construed as the notice of appeal and a motion to reopen the time to appeal now under consideration. Doc. 19; Doc. 20.

II.

To reopen the time to file an appeal, Epps must satisfy the three requirements imposed by FED. R. APP. P. 4(a)(6):

> (6) **Reopening the Time to File an Appeal.** The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Epps cannot satisfy the first requirement of non-receipt. *See Resendiz v. Dretke*, 452 F.3d 356, 360 (5th Cir. 2006) (providing that court may grant relief if all requirements of Rule 4(a)(6) are met). As confirmed by the mail log, Epps had notice of the August 16, 2018 entry of judgment by August 22, 2018. Doc. 33-1 at 24. Indeed, Epps has never contended that he did not receive the judgment within 21 days from its entry, maintaining only that the reason he was unable to timely file a notice of appeal was due to the supposed denial of access to the prison law library while he was in lock-up. Because Epps has failed to demonstrate non-receipt of the

August 16 judgment, he cannot satisfy all the requirements of Rule 4(a)(6).

III.

For the foregoing reasons, it is recommended that Epps' *Motion for a Delayed Notice of Appeal*, construed as a motion to reopen the time to file a notice of appeal under FED. R. APP. P. 4(a)(6), be **DENIED**.

**SO RECOMMENDED** on June 14, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).